Mr. Justice Colcock
delivered the opinion of the court:
The decisions of the court on this subject, have been certainly misunderstood. It is the usual mode of conducting business in this country, for creditors to endorse receipts for all monies paid by their debtors on their vouchers, and this is most obviously for the benefit of the debtors. The receipt accompanies the evidence of the debt, and so long as the one is preserved, the other is secured. It is not said that such receipt is to be conclusive on the rights of the parties. It is a circumstance on wjhiGh the presumption of payment may be raised, and if *420 is to bo submitted to the jury. If there be nothing to induce a belief that the receipt is not a fair one, the jury ought, and no doubt will, always presume that the payment was made. If there be any such circumstances, they can be urged by the defendant, and if the payment was not made, there will be always some circumstances on which, to raise a presumption of fraud. It is asked if the court will permit aman to make evidence for himself? this is ■peiitip 2rrincipii.
Carter, for the motion.
Jilolmes, confra.
The defendant may as well ásk, will the court permit aman to take advantage of his own wrong? Now the whole question is, was the payment made ? If so, it is not permitting a man to make evidence for himself, but it would be permitting one to take advantage of lhs own wrong, to suffer the defendant to deny the payment. Here lbs note was for $400, and the receipts bore data within two yeans after, and were for $ 350, leaving a balance of principal, of only $ 50 ; and on examination of the note, there is every appearance of fairness. The case relied on is the very opposite of this. The demand was on open account. It is not usual for receipts for partial payments to be made on the back of accounts. The receipt was for a small sum, and dated after the demand was barred. In a word, the Judge who decides the case, says ■expressly, “ and to take h out of the statute, the plaintiff’s testator himself, had given a credit for a payment which the defendant knew nothing of.” In such a case, the plaintiff’s argument, that a man ought not, to be permitted to make evidence for himself, would well apply. The court are unanimously of opinion that the question was properly submitted to the jury.
The motion is therefore dismissed.